UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTEN OGDEN, on behalf of LOGAN OGDEN,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE SCHOOL DISTRICT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER:<br>(1) DENYING MOTION TO DISMISS PURSUANT TO RULE 12(b)(1); AND<br>(2) CONVERTING MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) TO A MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00331<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Kristen Ogden brought this action on behalf of her son, Logan Ogden, under the Individuals with Disabilities Education Act[1] (IDEA).[2] Ms. Ogden claims Defendant Granite School District denied Mr. Ogden a free appropriate public education under the IDEA by, among other things, improperly removing him from his Individualized Education Program (IEP).[3] After a Utah State Board of Education hearing officer determined Granite did not violate the IDEA with respect to Mr. Ogden, Ms. Ogden filed this action in state court appealing that determination,[4] and Granite removed the case to federal court.[5]

---

[1] 20 U.S.C § 1400 *et seq.*

[2] (*See* Appeal of Utah State Bd. of Educ. Special Educ. Servs. Div. Admin. Hr'g ("Compl."), Doc. No. 2 at 9–23.) Ms. Ogden originally filed this action using only her and her son's initials. A corrected version of the complaint with their full names was filed on January 4, 2023. (*See* Errata to Compl., Doc. No. 33.)

[3] (*See* Compl. ¶¶ 4–8 & p. 14, Doc. No. 2 at 11, 22.)

[4] (*See id.*)

[5] (*See* Notice of Removal, Doc. No. 2 at 1–5.)

1

Granite has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[6] Granite argues this court lacks subject-matter jurisdiction under Rule 12(b)(1) and the complaint fails to state a plausible claim for relief under Rule 12(b)(6) for the same reason: because Ms. Ogden's appeal of the hearing officer's decision is time-barred.[7] The court held a hearing on the motion on December 5, 2022.[8] As ordered at the hearing, Granite filed a notice of supplemental authority to which Ms. Ogden responded.[9]

Having considered all the briefing and arguments, the court[10] orders as follows:

1.   Granite's motion is denied insofar as it seeks dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. As explained below, because the IDEA's deadline for filing a civil action is not jurisdictional, Granite's argument that this action is time-barred does not implicate subject-matter jurisdiction under Rule 12(b)(1).

2.   Because both parties present matters outside the pleadings, the motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment.[11] Accordingly, the court converts Granite's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment and sets deadlines for the parties to submit all pertinent material, as set forth below.

---

[6] (Granite Sch. Dist.'s Mot. to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Mot. to Dismiss"), Doc. No. 10.)

[7] (*See id.* at 1–2.)

[8] (*See* Minute Entry, Doc. No. 30.)

[9] (*See* Doc. Nos. 31, 32.)

[10] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (*See* Doc. No. 15.)

[11] *See* Fed. R. Civ. P. 12(d).

## BACKGROUND

Ms. Ogden's complaint alleges as follows. Mr. Ogden was a student in Granite School District until he graduated from high school in June 2021.[12] During this time period, Mr. Ogden was a child with a disability who was eligible for services under the IDEA.[13] On March 11, 2019, Granite removed Mr. Ogden from his IEP over Ms. Ogden's objection.[14] Granite never justified this removal, and it misrepresented to Ms. Ogden that an IEP and 504 plan were "the same thing."[15] Granite reinstated an IEP for Mr. Ogden on February 21, 2021, the last quarter of twelfth grade.[16] Granite then permitted Mr. Ogden to graduate over Ms. Ogden's objection.[17]

Ms. Ogden requested a due process hearing pursuant to the IDEA, and the Utah State Board of Education held an administrative hearing.[18] The hearing officer issued a decision on December 7, 2021, finding Granite did not deny Mr. Ogden a free appropriate public education under the IDEA.[19]

---

[12] (Compl. ¶ 1, Doc. No. 2 at 10; Mot. to Dismiss ¶ 13, Doc No. 10 (providing the month and year of graduation).)

[13] (Compl. p. 2, Doc. No. 2 at 10.)

[14] (*Id.* ¶ 5, Doc. No. 2 at 11.)

[15] (*Id.* ¶ 7–8, Doc. No. 2 at 11.)

[16] (*Id.* ¶¶ 6, 11, Doc. No. 2 at 11–12.)

[17] (*Id.* ¶ 1, Doc. No. 2 at 10.)

[18] (*See* Mot. 1, Doc. No. 10; *see also* Compl. pp. 4–14, Doc. No. 2 at 12–22 (discussing the hearing officer's decision).) Although the complaint does not expressly allege Ms. Ogden requested a due process hearing, this fact appears to be undisputed.

[19] (*See* Compl. pp. 4–6, Doc. No. 2 at 12–14.)

Ms. Ogden filed this action appealing the hearing officer's decision in state court on April 7, 2022[20]—121 days after the decision was issued. Ms. Ogden alleges she was "pro se throughout the hearing" and "had no notice of the right to appeal or statute of limitations on this appeal until after this period had lapsed."[21] The complaint contains a "request for additional filing time" pursuant to Rule 60(b)(1) of the Utah Rules of Civil Procedure due to the alleged failure to provide Ms. Ogden with notice of the statute of limitations.[22]

## LEGAL STANDARDS

Rule 12(b)(1) permits a party to move to dismiss for "lack of subject-matter jurisdiction."[23] A motion to dismiss under Rule 12(b)(1) may take one of two forms.[24] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[25] "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[26]

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."[27] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to

---

[20] (*See id.* at p. 14, Doc. No. 2 at 22; Notice of Electr. Filing, Doc. No. 2 at 27.)

[21] (Compl. p. 4, Doc. No. 2 at 12.)

[22] (*Id.*)

[23] Fed. R. Civ. P. 12(b)(1).

[24] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[25] *Id.* (internal quotation marks omitted).

[26] *Id.* (internal quotation marks omitted).

[27] Fed. R. Civ. P. 12(b)(6).

4

state a claim to relief that is plausible on its face."[28] The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.[29] However, the court need not accept a plaintiff's conclusory allegations as true.[30] Rule 12(d) governs the consideration of materials outside the pleadings, providing: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[31] Further, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[32]

## ANALYSIS

Granite contends this action was untimely filed and, therefore, must be dismissed both for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[33] Granite also argues that, contrary to the allegations in the complaint, Ms. Ogden was repeatedly provided with a "procedural safeguards" notice which included the deadline to file a civil action.[34] In support of its motion, Granite filed the hearing officer's decision,[35] a letter from the Utah State Board of Education to Ms. Ogden's representatives (notifying her of the

---

[28] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[29] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31] Fed. R. Civ. P. 12(d).

[32] *Id.*

[33] (*See* Mot. to Dismiss, Doc. No. 10.)

[34] (*See id.* at 10–11.)

[35] (Ex. 2 to Mot. to Dismiss, Doc. No. 10-2.)

decision),[36] portions of the hearing transcript,[37] signed IEP documents acknowledging Ms. Ogden's receipt of "procedural safeguards" notices,[38] three versions of the notice,[39] the state court docket from this action before it was removed to federal court,[40] and email correspondence between Ms. Ogden's former counsel, the Utah State Board of Education, and Granite's counsel.[41]

Ms. Ogden does not dispute this action was filed beyond the statutory deadline for bringing a civil action to challenge the hearing officer's decision. However, she argues "excusable neglect" under Rule 60(b)(1) of the Federal Rules of Civil Procedure justifies the untimely filing.[42] She also argues the statutory filing deadline should be equitably tolled for several reasons: (1) the hearing officer failed to inform her of the appeal deadline in his decision; (2) the "procedural safeguards" notices were vague as to the appeal deadline; and (3) she is legally blind and suffers from a traumatic brain injury.[43] Ms. Ogden also submitted documents outside the pleadings in support of her opposition, including a corrective action plan issued by the Utah State Board of Education to Granite after the due process hearing,[44] a "letter of limited

---

[36] (Ex. 19 to Granite Sch. Dist.'s Reply in Support of Mot. to Dismiss ("Reply"), Doc. No. 20-7.)

[37] (Ex. 3 to Mot. to Dismiss, Doc. No. 10-3; Exs. 13–15 to Reply, Doc. Nos. 20-1–20-3.)

[38] (Exs. 4–8 to Mot. to Dismiss, Doc. Nos. 10-4–10-8.)

[39] (Exs. 10–12 to Mot. to Dismiss, Doc. Nos. 10-10–10-12.)

[40] (Ex. 9 to Mot. to Dismiss, Doc. No. 10-9.)

[41] (Exs. 16–17 to Reply, Doc. Nos. 20-4–20-5.)

[42] (Opp'n to Granite Sch. Dist.'s Mot. to Dismiss ("Opp'n") 2, 10–12, 16–17, Doc. No. 16.)

[43] (*Id.* at 5–9, 13, 15–16.)

[44] (Ex. 1 to Opp'n, Doc. No. 16-1.)

guardianship" for Mr. Ogden by a Utah state court,[45] and a record from the Utah Department of Workforce Services.[46]

A. Statutory Deadline to File a Civil Action Under the IDEA

The IDEA provides that a party aggrieved by a hearing officer's decision on an IDEA complaint "shall have the right to bring a civil action with respect to the complaint presented" and may bring the action "in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."[47] The statute provides "90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action . . . , in such time as the State law allows."[48] Utah has adopted a shorter, thirty-day time limit for filing a civil action to appeal the hearing officer's decision.[49]

It is undisputed, and apparent from the face of the complaint, that Ms. Ogden filed this action in Utah state court 121 days after the hearing officer's decision. This was well beyond Utah's thirty-day limitation period, and untimely even under the longer, ninety-day deadline for filing an action in federal court. Thus, absent tolling of the deadline or some other basis for relief, this action is time-barred.

---

[45] (Ex. 2 to Opp'n, Doc. No. 16-2.)

[46] (Ex. 3 to Opp'n, Doc. No. 16-3.)

[47] 20 U.S.C. § 1415(i)(2)(A).

[48] 20 U.S.C. § 1415(i)(2)(B).

[49] *See* Utah Code Ann. § 53E-7-208(4)(a) ("A party to a due process hearing may appeal the decision resulting from the due process hearing by filing a civil action with a court described in 20 U.S.C. Sec. 1415(i), if the party files the action within 30 days after the day on which the due process hearing decision was issued.").

7

B.  <u>The IDEA Filing Deadline is Nonjurisdictional</u>

The court first addresses Granite's argument that the case should be dismissed under Rule 12(b)(1) because the untimely filing deprives the court of subject-matter jurisdiction.

"If a statute of limitations is jurisdictional, a failure to comply deprives courts of authority to hear the case."[50] "[C]ourts can't toll statutes of limitations that deprive them of jurisdiction."[51] However, "statutes of limitations are not always—and, indeed, presumptively are not—jurisdictional."[52] "The test is whether Congress has 'clearly stated' that a statutory limitation is jurisdictional."[53] "'Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it.'"[54]

The Tenth Circuit has not addressed whether the IDEA's filing deadline is jurisdictional, and courts in other jurisdictions which have considered this issue take conflicting positions.[55]

---

[50] *Farhat v. United States*, No. 21-7061, 2022 U.S. App. LEXIS 20095, at *11 (10th Cir. July 21, 2022) (unpublished) (citing *United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015).

[51] *Id.* (quoting *Chance v. Zinke*, 898 F.3d 1025, 1030 (10th Cir. 2018)).

[52] *Big Horn Coal Co. v. Sadler*, 924 F.3d 1317, 1323 (10th Cir. 2019) (internal quotation marks omitted).

[53] *Id.* (quoting *Barnes v. United States*, 776 F.3d 1134, 1146 (10th Cir. 2015)).

[54] *Farhat*, 2022 U.S. App. LEXIS 20095, at *12 (quoting *Kwai Fun Wong*, 575 U.S. at 410).

[55] *Compare Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (finding a state-prescribed thirty-day time limitation for filing civil actions under the IDEA nonjurisdictional), *and Jenkins v. Butts Cnty. Sch. Dist.*, 984 F. Supp. 2d 1368, 1374–75 (M.D. Ga. 2013) (finding the IDEA's ninety-day filing deadline nonjurisdictional and subject to tolling), *and B.R. v. Prosser Sch. Dist. No. 116*, No. CV-08-5025-RHW, 2010 U.S. Dist. LEXIS 17210, at *4 (E.D. Wash. Feb. 26, 2010) (unpublished) (finding the IDEA's ninety-day filing deadline nonjurisdictional and subject to equitable tolling), *with C.B. v. Argyle Indep. Sch. Dist.*, No. 4:11cv619, 2012 U.S. Dist. LEXIS 26985, at *12–13 (E.D. Tex. Feb. 7, 2012) (unpublished) (finding the IDEA's ninety-day filing deadline "mandatory and jurisdictional"), *and Maynard v. Dist. of Columbia*, 579 F. Supp. 2d 137, 141–42 (D.D.C. 2008) (noting "Courts in this District

However, the decision from the District of New Jersey in *Wall Township Board of Education v. C.M.*[56] is the most persuasive. In *Wall Township*, the court found the IDEA deadline nonjurisdictional.[57] Specifically, the court concluded "[t]ime prescriptions created by state laws cannot be jurisdictional because '[o]nly Congress may determine a lower federal court's subject-matter jurisdiction.'"[58] Therefore, "by permitting the individual states to set forth the time limitation for an aggrieved party to appeal a decision made following an IDEA due process hearing, Congress intended for Section 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling."[59] Several other courts have adopted this rationale in also finding the IDEA filing deadline nonjurisdictional.[60] This court is likewise persuaded by the reasoning in *Wall Township* and concludes the IDEA's deadline for filing a civil action is nonjurisdictional—particularly where, as here, the applicable deadline was created by state law.

---

have generally treated the IDEA's limitations period as a jurisdictional bar" but declining to reach the issue).

[56] 534 F. Supp. 2d 487 (D.N.J. 2008).

[57] *Id.* at 492–93.

[58] *Id.* at 493 (second alteration in original) (quoting *Bowles v. Russell*, 551 U.S. 205, 217 (2007)).

[59] *Id.* The *Wall Township* court also found it significant that the IDEA's limitation provision does not use the word "jurisdiction" and is separate from the provision giving any aggrieved party the right to bring a civil action. *Id.*

[60] *See, e.g.*, *Jenkins*, 984 F. Supp. 2d at 1374 (discussing the split of authority and finding the reasoning in *Wall Township* "most persuasive"); *B.R.*, 2010 U.S. Dist. LEXIS 17210, at *4 (adopting the reasoning in *Wall Township*).

Granite relies on the Supreme Court's decision in *Hamer v. Neighborhood Housing Services*[61] in support of its argument that the filing deadline in this case is jurisdictional.[62] Specifically, Granite points to *Hamer*'s statement, describing a prior holding from *Bowles v. Russell*,[63] that "an appeal filing deadline prescribed by statute will be regarded as 'jurisdictional,' meaning that late filing of the appeal notice necessitates dismissal of the appeal."[64] But both *Bowles* and *Hamer* addressed deadlines to appeal a district court judgment[65]—not the deadline to file a civil action appealing an administrative decision. Indeed, *Hamer* explained the "rule of decision" from *Bowles* and other precedent as follows: "If a time prescription governing the transfer of adjudicatory authority *from one Article III court to another* appears in a statute, the limitation is jurisdictional."[66] Here, the statutory filing deadline at issue is a deadline to file a civil action for judicial review of an administrative decision. Because *Hamer* and *Bowles* do not address this issue, they do not mandate a different result.[67]

Because the IDEA deadline for filing a civil action is nonjurisdictional, Granite's motion is denied insofar as it seeks dismissal for lack of subject-matter jurisdiction.

---

[61] 138 S. Ct. 13, ___ U.S. ___ (2017).

[62] (*See* Granite's Notice of Suppl. Auth. 2, Doc. No. 31 (citing *Hamer*, 138 S. Ct. at 16).)

[63] 551 U.S. 205 (2007).

[64] *Hamer*, 138 S. Ct. at 16 (citing *Bowles*, 551 U.S. at 210–13).

[65] *See id.* at 18; *Bowles*, 551 U.S. at 207.

[66] *Hamer*, 138 S. Ct. at 20 (emphasis added).

[67] Indeed, *Wall Township* relies on *Bowles* in support of its analysis finding the IDEA's filing deadline nonjurisdictional. *See Wall Township*, 534 F. Supp. 2d at 493 ("Time prescriptions created by state laws cannot be jurisdictional because '[o]nly Congress may determine a lower federal court's subject-matter jurisdiction.'" (quoting *Bowles*, 551 U.S. at 217)).

C. The Parties' Presentation of Materials Outside the Pleadings Requires Conversion of the Rule 12(b)(6) Motion to a Motion for Summary Judgment

The court next addresses whether Granite's argument that the action is time-barred may be resolved under Rule 12(b)(6).

"Typically, facts must be developed to support dismissing a case based on the statute of limitations."[68] "But [a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished."[69]

Although the dates in the complaint show Ms. Ogden filed this action after the statutory deadline, Ms. Ogden contends the deadline should be equitably tolled because she was not provided adequate notice of it.[70] This argument, if borne out by the evidence, is colorable; a court in this district has found failure to provide notice constituted grounds to equitably toll the IDEA filing deadline.[71] But both parties rely on evidence outside the pleadings in support of their positions regarding whether Ms. Ogden received adequate notice. While some of these documents, such as state court records, are subject to judicial notice, others may not be considered on a Rule 12(b)(6) motion without converting it to a motion for summary judgment.[72] For example, Granite relies on hearing transcripts, IEP documents signed by Ms. Ogden, "procedural safeguards" notices, and emails in asserting Ms. Ogden was notified of the filing

---

[68] *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

[69] *Id.* (alteration in original) (internal quotation marks omitted).

[70] (Opp'n 5–9, 13, 15–16, Doc. No. 16.)

[71] *See L.C. v. Utah State Bd. of Educ.*, 57 F. Supp. 2d 1214, 1218–19 (D. Utah 1999).

[72] *See* Fed. R. Civ. P. 12(d).

11

deadline.[73]  Where the issue of whether Ms. Odgen is entitled to equitable tolling turns on evidence outside the pleadings, the Rule 12(b)(6) motion must be converted to a motion for summary judgment.  Because Granite's Rule 12(b)(6) motion to dismiss is being converted to a motion for summary judgment, the parties are permitted to present any additional material pertinent to this issue as set forth below.

    D.  <u>Rule 60(b) Is Inapplicable</u>

In addition to relying on the doctrine of equitable tolling, Ms. Ogden argues Rule 60(b) of the Federal Rules of Civil Procedure provides grounds to set aside the hearing officer's order even after the statutory time limit has expired.[74]  However, Rule 60(b) is wholly inapplicable here.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for enumerated reasons including "(1) mistake, inadvertence, surprise, or excusable neglect."[75]  A motion under this rule

---

[73] Granite argues documents from the administrative proceedings should be considered in assessing the motion to dismiss because the proceedings are referenced in the complaint.  (See Mot. 2 n.2, 6 n.3, 7–8 n.4 Doc. No. 10); see also *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." (internal quotation marks omitted)).  But the "procedural safeguards" notices and emails submitted by Granite are neither part of the administrative record nor specifically referenced in the complaint.

[74] (Opp'n 2, 10–12, Doc. No. 16.)  In her complaint, Ms. Ogden seeks relief under Rule 60(b) of the Utah Rules of Civil Procedure.  (See Compl. p. 4, Doc. No. 2 at 12.)  However, she relies primarily on the federal rule in her opposition to the motion to dismiss.  In any event, Utah's version of Rule 60(b) would not provide relief because the Utah Supreme Court has found it inapplicable to administrative proceedings.  See *Frito-Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶¶ 17–18, 20, 222 P.3d 55, 59.

[75] Fed. R. Civ. P. 60(b)(1).

"must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order."[76] Ms. Ogden argues "excusable neglect" under this rule justifies her failure to meet the IDEA filing deadline.[77]

Ms. Ogden has failed to identify any authority supporting the notion that the hearing officer's order qualifies as a "final judgment [or] order" for purposes of Rule 60(b), where it is an administrative decision and not a federal court order. Further, a Rule 60(b) motion ordinarily must be made in the same court that rendered the judgment.[78] Here, Ms. Ogden is not seeking Rule 60(b) relief from the agency which entered the order but, instead, has filed a civil action for judicial review of that order. Rule 60(b) cannot be used to circumvent the statute of limitations for filing such an action under the IDEA.

## CONCLUSION

The court ORDERS as follows:

1. Granite's motion is denied insofar as it seeks dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Because the IDEA's deadline for filing a civil action is not jurisdictional, Granite's argument that this action is time-barred does not implicate subject-matter jurisdiction under Rule 12(b)(1).

2. Because both parties present matters outside the pleadings, the motion to dismiss under Rule 12(b)(6) must be treated as a motion for summary judgment. Accordingly, the court

---

[76] Fed. R. Civ. P. 60(c)(1).

[77] (Opp'n 2, 10–12, 16–17, Doc. No. 16.)

[78] *See, e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 268 (3d Cir. 2008); *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001); *Lundahl v. Compton*, No. 2:99-cv-0015, 2000 U.S. Dist. LEXIS 22703, at *11 n.18 (D. Utah Apr. 29, 2000) (unpublished); *see also* 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2865 (3d. ed.).

converts Granite's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment and sets deadlines for the parties to submit all pertinent material, as follows:

a. Within fourteen days of this order, each party may file any additional material pertinent to the motion and a memorandum explaining how this material supports their respective positions.

b. Within twenty-eight days of this order, each party may file a response to the other party's submission.

DATED this 6th day of February, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge