UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTEN OGDEN, on behalf of LUCAS OGDEN, <br><br>      Plaintiff, <br><br> v. <br><br> GRANITE SCHOOL DISTRICT, <br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 10)** <br><br><br> Case No. 2:22-cv-00331 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Kristen Ogden brought this action on behalf of her son, Lucas Ogden, under the Individuals with Disabilities Education Act[1] (IDEA).[2]  Ms. Ogden claims Defendant Granite School District denied Mr. Ogden a free appropriate public education under the IDEA by, among other things, improperly removing him from his Individualized Education Program (IEP).[3]  After a Utah State Board of Education hearing officer determined Granite did not violate the IDEA with respect to Mr. Ogden, Ms. Ogden filed this action in state court appealing that determination,[4] and Granite removed the case to federal court.[5]

---

[1] 20 U.S.C § 1400 *et seq.*

[2] (*See* Appeal of Utah State Bd. of Educ. Special Educ. Servs. Div. Admin. Hr'g ("Compl."), Doc. No. 2 at 9–23.)  Ms. Ogden originally filed this action using only her and her son's initials. A corrected version of the complaint with their full names was filed on January 4, 2023.  (*See* Errata to Compl., Doc. No. 33.)

[3] (*See* Compl. ¶¶ 4–8 & p. 14, Doc. No. 2 at 11, 22.)

[4] (*See id.*)

[5] (*See* Notice of Removal, Doc. No. 2 at 1–5.)

Granite filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing this action was untimely filed.[6]   After a hearing,[7] the court denied the motion insofar as it sought dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1).[8]   Because both parties presented matters outside the pleadings, the court converted the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment and permitted the parties to submit additional briefing and evidence.[9]

Having reviewed all the briefing and evidence, the court[10] GRANTS the motion for summary judgment.   As explained below, the undisputed facts show this action was untimely filed and Ms. Ogden is not entitled to equitable tolling of the filing deadline.   Therefore, summary judgment is granted in favor of Granite on Ms. Ogden's claims.

### SUMMARY JUDGMENT STANDARD

Courts grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]   "A fact is material if, under the governing law, it could have an effect on the outcome of the

---

[6] (Granite Sch. Dist.'s Mot. to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), Doc. No. 10.)

[7] (*See* Minute Entry, Doc. No. 30.)

[8] (*See* Mem. Decision and Order: (1) Den. Mot. to Dismiss Pursuant to Rule 12(b)(1); and (2) Converting Mot. to Dismiss Pursuant to Rule 12(b)(6) to a Mot. for Summ. J. ("February 6, 2023 Order") 13, Doc. No. 35.)

[9] (*See id.* at 13–14); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

[10] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (*See* Doc. No. 15.)

[11] Fed. R. Civ. P. 56(a).

lawsuit."[12]  "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented."[13]  In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[14]  But "where the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment."[15]

## RELEVANT FACTS

The following facts are undisputed.[16]  Lucas Ogden was a student at Cottonwood High School, a school in the Granite School District.[17]  Before his tenth-grade year, Mr. Ogden was

---

[12] *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted).

[13] *Id.* (internal quotation marks omitted).

[14] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[15] *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted).

[16] The order converting Granite's motion to a motion for summary judgment set deadlines for each party to file (1) a memorandum and supporting materials pertinent to the motion, and (2) responses to the other party's submission.  (February 6, 2023 Order 14, Doc. No. 35.)  Both parties filed memoranda and supporting evidence by the first deadline.  (*See* Granite's Mem. in Support of Summ. J., Doc. No. 37; Pl.'s Opp'n to Mot for Summ. J., Doc. No. 38.)  Ms. Ogden filed no response to Granite's memorandum, and she did not dispute any of Granite's factual assertions or object to any of the evidence Granite provided.  Granite responded to Ms. Ogden's memorandum, disputing some factual assertions and objecting to some as unsupported.  (*See* Granite's Reply in Support of Summ. J., Doc. No. 39.)  The undisputed facts set forth in this section are based on Granite's statement of facts (to which Ms. Ogden did not respond) and the portions of Ms. Ogden's factual assertions which Granite did not dispute.  Ms. Ogden's disputed factual assertions are addressed in the analysis section below, where relevant.

[17] (Granite's Mem. in Support of Summ. J. ¶ 1, Doc. No. 37.)

deemed eligible for and placed on an IEP.[18]  In March 2019, during tenth grade, Mr. Ogden was removed from his IEP and put on a Section 504 plan.[19]  In January 2021, during his last semester of twelfth grade, Mr. Ogden was transitioned back to an IEP.[20]  Mr. Ogden graduated on time in the spring of 2021.[21]

After Mr. Ogden graduated, his mother, Kristen Ogden, requested an administrative due process hearing under the IDEA.[22]  Ms. Ogden claimed Granite failed to provide Mr. Ogden a free appropriate public education by removing him from his IEP in March 2019 and improperly allowing him to graduate in 2021.[23]  A due process hearing was held in November 2021.[24]  Ms. Ogden was not represented by counsel at the hearing, but she was assisted by two family members to whom she had granted power-of-attorney authority to advocate on Mr. Ogden's behalf in the IDEA administrative proceedings.[25]  On December 7, 2021, the hearing officer

---

[18] (*See id.* ¶ 5.)

[19] (*See id.* ¶¶ 6–7.)

[20] (*See id.* ¶ 8.)

[21] (*See id.* ¶ 10; Ex. 23 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 134:9–11, Doc. No. 37-23.)

[22] (*See* Granite's Mem. in Support of Summ. J. ¶ 37, Doc. No. 37.)

[23] (*See id.* ¶ 38; Ex. 2 to Granite's Mem. in Support of Summ. J., Admin. Decision and Order 3–4, Doc. No. 37-2.)

[24] (*See* Granite's Mem. in Support of Summ. J. ¶ 44, Doc. No. 37; Ex. 2 to Granite's Mem. in Support of Summ. J., Admin. Decision and Order 2, Doc. No. 37-2.)

[25] (*See* Granite's Mem. in Support of Summ. J. ¶ 21, Doc. No. 37; Ex. 2 to Granite's Mem. in Support of Summ. J., Admin. Decision and Order 1, 20–21, Doc. No. 37-2.)

issued a decision denying Ms. Ogden's claims.[26]  The hearing officer found that although Granite committed some errors, Mr. Ogden still received a free appropriate public education.[27]

A copy of the hearing officer's decision was emailed to Ms. Ogden's designated representatives on December 7, 2021.[28]  The same day, the Board of Education sent a letter to Ms. Ogden's representatives, stating: "A decision made following a due process hearing is final unless a party to the hearing appeals the decision to a court of competent jurisdiction pursuant to Utah State Board of Education Special Education Rules IV.Q. and 34 C.F.R. § 300.516."[29]  The referenced Board of Education rule states, in relevant part, that a civil action to appeal the administrative decision "may be filed in either State or Federal court; if appealed to State court, the appeal must be filed within 30 days of the date of the due process hearing decision.  A Federal court may apply a similar time limit (UCA 53E-7-208(4)(a))."[30]  The referenced federal regulation provides that an appeal may be filed in federal court within "90 days from the date of the decision of the hearing officer . . . or, if the State has an explicit time limitation for bringing civil actions under Part B of the Act, in the time allowed by that State law."[31]

---

[26] (*See* Ex. 2 to Granite's Mem. in Support of Summ. J., Admin. Decision and Order 41, Doc. No. 37-2.)

[27] (*See id.* at 36–41.)

[28] (*See* Granite's Mem. in Support of Summ. J. ¶ 52, Doc. No. 37; Ex. 21 to Granite's Mem. in Support of Summ. J., Email from F. Snowden to J. Andrews et al. (Dec. 7, 2021), Doc. No. 37-21.)

[29] (*See* Granite's Mem. in Support of Summ. J. ¶¶ 54–55, Doc. No. 37; Ex. 19 to Granite's Mem. in Support of Summ. J., Letter from J. DeHaan to J. Bengtzen et al. (Dec. 7, 2021), Doc. No. 37-19.)

[30] Utah State Bd. of Educ. Special Educ. Rules § VI.Q.(2), *available at* https://www.schools.utah.gov/file/9489d09b-5ede-462b-a135-4ee55918b431.

[31] 34 C.F.R. § 300.516(b).

On multiple occasions before Mr. Ogden graduated, Ms. Ogden was provided with "procedural safeguards" notices.[32]  These documents each contained a notice regarding the appeal deadline nearly identical to the language of the Board of Education rule, stating an appeal filed in state court "must be filed within 30 days of the date of the due process hearing decision," and "[a] federal court may apply a similar time limit."[33]  Ms. Ogden confirmed she had been given a copy of the procedural safeguards notice during Mr. Ogden's IEP meetings, and she signed acknowledgments stating she received such notices in May 2016, March 2018, and March 2019.[34]  Ms. Ogden's designated representatives also signed acknowledgements indicating they received procedural safeguards notices in January 2021 and February 2021, respectively.[35]

---

[32] (*See* Granite's Mem. in Support of Summ. J. ¶¶ 14–15, 19, Doc. No. 37; Ex. 3 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 161:16–22, Doc. No. 37-3.)

[33] (*See* Granite's Mem. in Support of Summ. J. ¶¶ 28–34, Doc. No. 37; Ex. 10 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (June 2011) 13, Doc. No. 37-10; Ex. 11 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (Nov. 2016) 29, Doc. No. 37-11; Ex. 12 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (Sept. 2021) 35, Doc. No. 37-12.)

[34] (*See* Granite's Mem. in Support of Summ. J. ¶¶ 14, 19–20, Doc. No. 37; Ex. 3 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. 161:16–22, Doc. No. 37-3; Ex. 4 to Granite's Mem. in Support of Summ. J., "Prior Notice for Identification and Determination of Eligibility for Lucas Ogden" 1–2, Doc. No. 37-4; Ex. 5 to Granite's Mem. in Support of Summ. J., "Individualized Education Program (IEP) for Lucas Ogden" 8–9, Doc. No. 37-5; Ex. 6 to Granite's Mem. in Support of Summ. J., "IEP Progress Report for Lucas Ogden" 2–3, Doc. No. 37-6.)

[35] (*See* Granite's Mem. in Support of Summ. J. ¶ 22, Doc. No. 37; Ex. 7 to Granite's Mem. in Support of Summ. J., "Prior Notice for Identification and Determination of Eligibility for Lucas Ogden" 1–2, Doc. No. 37-7; Ex. 8 to Granite's Mem. in Support of Summ. J., "Individualized Education Program (IEP) for Lucas Ogden" 8–9, Doc. No. 37-8.)

Ms. Ogden has vision impairment.[36]  At the due process hearing, she testified she was "capable of reading" documents with "regular text" if she holds them "close to her face."[37]  She also testified she knew her rights as detailed in the procedural safeguards notices and had "read through them a ton of times."[38]

Ms. Ogden, through her representatives, hired an attorney on March 1, 2022.[39]  On March 4, this attorney emailed the Utah State Board of Education and Granite's counsel to request a ninety-day "continuance."[40]  The Board responded the same day, stating there was no matter pending in which to request a continuance, a final decision had been issued, and the "remedy is to file a timely civil action."[41]  This email again referred to Board of Education rule IV.Q.—the rule which contains the thirty-day appeal deadline.[42]

---

[36] Ms. Ogden asserts in her briefing that she is "legally blind," (*see* Pl.'s Opp'n to Mot. for Summ. J. ¶ 7, Doc. No. 38), but cites no supporting evidence.  Granite disputes that Ms. Ogden is "totally blind" but does not dispute that she has vision impairment.  (Granite's Reply in Support of Summ. J., Response to Opp'n Fact ¶ 7, Doc. No. 39.)  Granite also submitted Ms. Ogden's testimony from the due process hearing stating that she has "vision impairment."  (Ex. 13 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 155:9–11, Doc. No. 37-13.)  Therefore, it is undisputed that Ms. Ogden has vision impairment.

[37] (Ex. 13 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 155:12–19, Doc. No. 37-13.)

[38] (Ex. 3 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 164:21–24, Doc. No. 37-3; *see also* Granite's Mem. in Support of Summ. J. ¶ 23, Doc. No. 37.)

[39] (*See* Pl.'s Opp'n to Mot. for Summ. J. ¶ 12, Doc. No. 38; Ex. E to Pl.'s Opp'n to Mot. for Summ. J., Email from D. Drown to J. DeHaan et al. (March 4, 2022), Doc. No. 38-5.)

[40] (*See* Ex. 17 to Granite's Mem. in Support of Summ. J., Email from D. Drown to F. Snowden et al. (March 4, 2022), Doc. No. 37-17.)

[41] (*See* Ex. 17 to Granite's Mem. in Support of Summ. J., Email from J. DeHaan to D. Drown (March 4, 2022), Doc. No. 37-17.)

[42] (*See id.*)

Ms. Ogden later retained a different attorney.[43]  She filed this action appealing the

hearing officer's decision in state court on April 7, 2022[44]—121 days after the decision was

issued.  Granite removed the case to federal court.[45]

## ANALYSIS

Granite contends it is entitled to summary judgment because this action was untimely

filed.[46]  Ms. Ogden argues the statute of limitations should be equitably tolled, asserting she was

not provided adequate notice of the filing deadline.[47]

As the court previously noted, absent equitable tolling, it is undisputed that Ms. Ogden

filed this action beyond the statutory deadline.[48]  The IDEA provides that the deadline to file a

civil action in federal court is "90 days from the date of the decision of the hearing officer . . . ,

or, if the State has an explicit time limitation for bringing such action . . . , in such time as the

State law allows."[49]  Utah has adopted a shorter, thirty-day time limit for filing a civil action to

appeal the hearing officer's decision.[50]  Because Utah has an explicit time limitation, the

deadline to file an appeal of the Utah hearing officer's decision in federal court is also thirty

---

[43] (*See* Pl.'s Opp'n to Mot. for Summ. J. ¶ 13, Doc. No. 38.)

[44] (*See* Compl., Doc. No. 2 at 9–23; Notice of Electr. Filing, Doc. No. 2 at 27.)

[45] (*See* Notice of Removal, Doc. No. 2.)

[46] (*See* Granite's Mem. in Support of Summ. J. 18, Doc. No. 37.)

[47] (*See* Pl.'s Opp'n to Mot. for Summ. J. 3–6, Doc. No. 38.)

[48] (*See* February 6, 2023 Order 7, Doc. No. 35.)

[49] 20 U.S.C. § 1415(i)(2)(B).

[50] *See* Utah Code Ann. § 53E-7-208(4)(a) ("A party to a due process hearing may appeal the decision resulting from the due process hearing by filing a civil action with a court described in 20 U.S.C. Sec. 1415(i), if the party files the action within 30 days after the day on which the due process hearing decision was issued.").

days.  Ms. Ogden filed this action in Utah state court 121 days after the hearing officer's

decision—well beyond the thirty-day limitation period.  Thus, this action is time-barred unless

Ms. Ogden demonstrates the filing deadline should be equitably tolled.[51]

"Equitable tolling permits courts to extend statutes of limitations on a case-by-case basis

to prevent inequity."[52]  However, "[e]quitable tolling is granted sparingly."[53]  "[G]enerally, a

litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has

been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in

[her] way."[54]  The second prong of this test is met "only where the circumstances that caused a

litigant's delay are both extraordinary *and* beyond [her] control."[55]

Ms. Ogden fails to present evidence sufficient to meet either element.  Ms. Ogden does

not address these elements in her briefing, but she argues generally that the filing deadline should

be equitably tolled because she was not given adequate notice of it.[56]  Although Ms. Ogden does

not dispute that she received "procedural safeguards" notices specifying the thirty-day deadline

to file an appeal in Utah state court, she contends these notices were inadequate because (1) she

---

[51] The court previously determined the IDEA statute of limitations is nonjurisdictional and
subject to equitable tolling.  (*See* February 6, 2023 Order 8–10, Doc. No. 35.)

[52] *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2014 U.S. Dist. LEXIS 194056, at *7
(D.N.M. June 26, 2014) (unpublished) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th
Cir. 1998); *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

[53] *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (citation omitted).

[54] *Id.* (emphasis omitted) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227
(2012)).

[55] *Menominee Indian Tribe v. United States*, 577 U.S. 250, 251 (2016) (emphasis in original).

[56] (*See* Pl.'s Opp'n to Mot. for Summ. J. 3–6, Doc. No. 38.)

is "legally blind," and (2) the notices did not state the deadline to file in federal court.[57]  She

asserts she did not receive notice of the "actual deadline" until March 3, 2022.[58]  As explained

below, these assertions are unsupported.

As to the first contention, Ms. Ogden failed to present any evidence that her vision

impairment prevented her from reading or understanding the procedural safeguards notices.[59]

During the due process hearing, Ms. Ogden testified she had read the procedural safeguards

notices "a ton of times" and knew her rights described in the notices.[60]  Granite cited this

testimony in its statement of undisputed facts,[61] and Ms. Ogden did not attempt to clarify or

amend her prior statements.  Granite also presented uncontroverted evidence that the family

members who assisted Ms. Ogden at the hearing had received the procedural safeguards

notices[62]—and Ms. Ogden does not assert any impairment prevented them from reading or

understanding the notices.  Thus, the undisputed evidence shows Ms. Ogden read and understood

---

[57] (*See id.* ¶¶ 5, 7, 9, 16.)

[58] (*See id.* ¶ 11.)

[59] Indeed, Ms. Ogden cited no evidence supporting her assertion that she is "legally blind."  (*See* Pl.'s Opp'n to Mot. for Summ. J. ¶ 7, Doc. No. 38.)  Nevertheless, Granite did not dispute that Ms. Ogden has vision impairment, consistent with Ms. Ogden's testimony at the due process hearing.  (Granite's Reply in Support of Summ. J., Response to Opp'n Fact ¶ 7, Doc. No. 39; Ex. 13 to Granite's Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 155:9–11, Doc. No. 37-13.)

[60] (*See* Ex. 3 to Granite Mem. in Support of Summ. J., Tr. of Admin. Hrg. (Nov. 2, 2021) 164:21–24, Doc. No. 37-3.)

[61] (*See* Granite's Mem. in Support of Summ. J. ¶ 23, Doc. No. 37.)

[62] (*See* Ex. 7 to Granite's Mem. in Support of Summ. J., "Prior Notice for Identification and Determination of Eligibility for Lucas Ogden" 1–2, Doc. No. 37-7; Ex. 8 to Granite's Mem. in Support of Summ. J., "Individualized Education Program (IEP) for Lucas Ogden" 8–9, Doc. No. 37-8.)

the procedural safeguards documents containing notice of the filing deadline, notwithstanding her vision impairment.  And Ms. Ogden has offered no evidence that her vision impairment otherwise impeded her ability to comply with the thirty-day filing deadline.

As to the second contention, Ms. Ogden fails to demonstrate the federal filing deadline is relevant.  Ms. Ogden filed this action in Utah state court, and the procedural safeguards documents provided clear notice of the state-court filing deadline.  The notices did not suggest a longer deadline to file in federal court; rather, they stated a federal court "may apply a similar time limit."[63]  Indeed, under the IDEA, because Utah has an "explicit time limitation," the deadline to file in federal court is the same as in state court.[64]  Further, the letter sent the day of the hearing officer's decision expressly referenced the regulation containing the federal filing deadline (as well as the rule containing the state filing deadline).[65]  In any event, Ms. Ogden presented no evidence that any ambiguity in the notices regarding the federal filing deadline contributed to her delay in filing this action in state court.

Ms. Ogden's assertion that she did not receive notice of the filing deadline until March 3, 2022, lacks adequate support and fails to establish this action was timely filed.  The only supporting evidence Ms. Ogden provides is an email from her first attorney to the Board of Education and Granite's counsel, in which the attorney represented that her "clients only

---

[63] (Ex. 10 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (June 2011) 13, Doc. No. 37-10; Ex. 11 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (Nov. 2016) 29, Doc. No. 37-11; Ex. 12 to Granite's Mem. in Support of Summ. J., Procedural Safeguards (Sept. 2021) 35, Doc. No. 37-12.)

[64] *See* 20 U.S.C. § 1415(i)(2)(B).

[65] (*See* Ex. 19 to Granite's Mem. in Support of Summ. J., Letter from J. DeHaan to J. Bengtzen et al. (Dec. 7, 2021), Doc. No. 37-19.)

lear[ned] of the deadline when Ms. Parsons contacted Jordan DeHaan on March 3, 2022."[66]   (Mr. DeHaan is a Board of Education attorney; it is unclear who Ms. Parsons is.)   However, in light of the undisputed evidence that Ms. Ogden had previously received procedural safeguards notices stating the appeal deadline, the attorney's bare assertion is insufficient to raise a genuine dispute of material fact as to when Ms. Ogden received such notice.   On this record, no reasonable factfinder could conclude Ms. Ogden lacked prior notice of the appeal deadline.   Further, even if Ms. Ogden could show she did not receive notice of the filing deadline until March 3, she still did not file this action until April 7, 2022 (thirty-five days later).   Ms. Ogden has offered no basis to toll the deadline for this additional period.

Ms. Ogden relies on *L.C. v. Utah State Board of Education*,[67] a district court decision applying equitable tolling to the IDEA filing deadline based on lack of notice.[68]   However, in that case, there was "no dispute" that the school district failed to provide the plaintiffs with "any notice of the statute of limitations applicable to their IDEA claims."[69]   Further, after the administrative decision was issued, the plaintiff "contacted one of the appeals panel members, a Utah state senator, a United States representative, the United States Department of Education,

---

[66] (Ex. E to Pl.'s Opp'n to Mot. for Summ. J., Email from D. Drown to J. DeHaan et al. (March 4, 2022), Doc. No. 38-5.)   Ms. Ogden did not actually cite this exhibit in support of her assertion that she did not receive notice until March 3, 2022.   Rather, she cited a January 7, 2022 letter from the Board of Education to Granite regarding a corrective action plan for errors identified by the hearing officer.   (*See* Pl.'s Opp'n to Mot. for Summ. J. ¶ 11, Doc. No. 38 (citing Ex. D to Pl.'s Opp'n to Mot. for Summ. J., Letter from J. DeHaan to B. Day (Jan. 7, 2022), Doc. No. 38-4).)   This letter contains no apparent relevance to the factual assertion for which it is cited. Presumably, Ms. Ogden intended to cite the attorney email instead.

[67] 57 F. Supp. 2d 1214 (D. Utah 1999).

[68] *Id.* at 1218–19.

[69] *Id.* at 1219.

and the Ogden City School Board to obtain information on her legal options and how to obtain new counsel," and "[n]one of these people notified her about the thirty-day statute of limitations."[70]  Here, Ms. Ogden received notice of the appeal deadline on multiple occasions before the deadline expired.  And Ms. Ogden has not presented evidence that she diligently pursued her rights within that period.  Accordingly, *L.C.* is distinguishable and does not support the application of equitable tolling in this case.

In sum, the uncontroverted evidence shows Ms. Ogden received adequate notice of the applicable deadline to file this appeal.  Ms. Ogden has presented no evidence that either her vision impairment or any ambiguity regarding the federal filing deadline contributed to her delay in filing this action in state court.  Her former attorney's bare assertion that Ms. Ogden lacked notice is insufficient to raise a genuine dispute of material fact on this issue—and, even if accepted, still would not establish this action was timely filed.  Under these circumstances, Ms. Ogden has not demonstrated that she diligently pursued her rights or that extraordinary circumstances prevented her from timely filing this appeal.  For these reasons, Ms. Ogden has not met her burden to show the filing deadline should be equitably tolled.

---

[70] *Id.*

**CONCLUSION**

Because the undisputed facts show this action was untimely filed and Ms. Ogden is not entitled to equitable tolling, Granite's motion[71] is GRANTED and summary judgment is entered in favor of Granite on Ms. Ogden's claims.

DATED this 28th day of March, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[71] (Doc. No. 10.)